IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO ANTONIO GOMEZ MUNOZ, §<br>#30100-510, §<br>    Movant, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>    Respondent. § | CIVIL NO. 3:25-CV-3408-E<br>(CRIMINAL NO. 3:22-CR-442-E-1) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), received from Movant Francisco Antonio Gomez Munoz on December 10, 2025 (Dkt. No. 1). Based on the relevant filings and applicable law, the Motion is **DISMISSED** without prejudice as premature.

## **I.  BACKGROUND**

After being charged by complaint and indictment, Gomez Munoz pled guilty under a plea agreement to one count of conspiracy to possess with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(A). *See* Crim. Dkt. Nos. 1, 13, 27, 31. By judgment entered October 4, 2023, the Court sentenced him to life imprisonment, to be followed by ten years of supervised release. *See* Crim. Dkt. No. 43. On April 2, 2024, Gomez Munoz moved for habeas relief under 28 U.S.C. § 2255. *See* Crim. Dkt. No. 45; No. 3:24-CV-811-E, Dkt. No. 1. Following an evidentiary hearing on Gomez Munoz's claims that his counsel provided ineffective assistance by failing to file a notice of appeal as instructed by Gomez Munoz and by failing to consult with Gomez Munoz about an appeal, the Court permitted Gomez Munoz to file an out-of-time appeal and dismissed the § 2255 motion without prejudice. *See* Crim. Dkt. No. 49; No. 3:24-CV-811-E, Dkt. Nos. 26, 29, 32-33. On May 16, 2025, the Court re-entered

the judgment and filed a notice of appeal on Gomez Munoz's behalf in the underlying criminal case. *See* Crim. Dkt. Nos. 50, 51. His direct appeal is currently pending in the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"). *See United States v. Gomez Munoz*, No. 25-10626 (5th Cir. May 19, 2025).

In the current Motion, Gomez Munoz seeks habeas relief under 28 U.S.C. § 2255 based on several grounds of ineffective assistance of counsel. *See* Dkt. No. 1.

## II.  SECTION 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It has been repeatedly established that a "collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

"It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). A § 2255 motion therefore is "not entitled to consideration on the merits" when an appeal of the challenged conviction and sentence remains pending. *Jones* 453 F.2d at 352; *see also United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). This is because "the disposition of the appeal may render the [§ 2255] motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega,* 859 F.2d 327, 334 (5th Cir. 1988)).

Here, Gomez Munoz states in the Motion that the Fifth Circuit dismissed his appeal on September 22, 2025. Dkt. No. 1 at 2. A review of the docket on appeal shows, however, that appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), on September 22, 2025. *See Gomez Munoz*, No. 25-10626, Dkt. No. 21 (5th Cir. Sept. 22, 2025). The Fifth Circuit has not dismissed Gomez Munoz's direct appeal of his conviction and sentence in the underlying criminal proceedings, and the appeal accordingly remains pending. As such, Gomez Munoz's conviction and sentence are not yet final for purposes of § 2255. *See, e.g.*, *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (recognizing that "'[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'"). Because Gomez Munoz's conviction and sentence are not yet final, his premature Motion is not ripe for consideration on the merits and is subject to dismissal without prejudice to his re-filing, if necessary, once his conviction and sentence become final. *See United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991).

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Motion without prejudice as premature.

**SO ORDERED this December 15, 2025.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE